## THE ANT.

*District Court, D. New Jersey.* July 13, 1882.)

COLLISION—MEASURE OF DAMAGES FOR LOSS.

 In case of a total loss of a canal-boat and her cargo of coal by a collision the measure of damages is the value of the boat and of the cargo immediately preceding the collision. So, where a canal-boat was sunk in 40 feet of water, and there purchased and raised, and floated to a distance, and was there sunk and destroyed by a collision, the measure of damages was the price paid for her where she was first sunk, the value of her cargo, and the expenses incurred in raising and floating her to the place of the collision.

Libel *in rem.*

*Beebe, Wilcox & Hobbs,* for libelants.

*Benedict, Taft & Benedict,* for claimants.

NIXON, D. J. On the libel originally filed in the above case the court decided that the collision was one of mutual fault, and ordered a reference to ascertain the aggregate amount of the damages, in order that the same might be apportioned equally between the parties. The commissioner has taken the testimony and made his report, and the matter now comes up on exceptions thereto filed by the proctor for the claimants.

Upon the reference it was the duty of the commissioner to ascertain as nearly as possible, under the circumstances, the value of the canal-boat Chandler at the time of the injury, the loss of the cargo, and the increased expenses which the libelants incurred by reason of the collision. He has reported the aggregate damages at $1,476. as follows:

(1) For the value of the canal-boat at the date of the collision, -   $1,000
(2) For 108 tons of coal, the portion of the cargo lost, at $3.25
    per ton,    -    -    -    -    -    -    -    351
(3) For amount paid by libelant for extra services of the wreck-
    ers on account of the collision,    -    -    125

Exceptions have been filed to each of these items, and the question is whether the proofs sustain the allowances.

The principal controversy is in regard to the value of the canal-boat. She proved to be a total loss. The libelants had bought her for $325, lying in 40 feet of water at the bottom of New York bay, and had expended several hundred dollars in raising her and her cargo by means of four chains passed under her hull, and fastened to two pontoons or wreckers on either side. She had been moved about one mile up the bay by these instrumentalities, and was lying with her bow aground, waiting for the tide, when the collision occurred. The libelants are entitled to her value in that condition; not as she was at the wharf, before the trip began in which she was lost, or as she was at the bottom of the bay, when the libelants purchased her. It is a fair inference, from such a condition of affairs, that if the collision had not occurred the libelants would have succeeded, on subsequent tides, in getting the boat and her cargo in a place of safety for the repair of the one and the delivery of the other. But it was insisted on the argument by the proctor of the claimants that the boat was worthless when purchased, and that the proofs show that the only effect of the collision was to develop and complete the fatal injuries which had been received two months before, at the time of sinking.

If I was satisfied that the testimony sustained this view, I should at once strike out the allowance of $1,000 for the damage to the boat. But I have carefully examined the testimony, and it has not made the impression upon my mind that it seems to have produced upon the mind of the learned advocate who argued the exceptions. The most that can be said in reference to it is that it leaves the matter in doubt; that, as the claimants have been found to be in fault, they are not in a position to claim the benefit of the doubt; and that, as we have at hand a proximate cause of the injury, to-wit, the collision with the steam-tug and scows of the claimants, we are not at liberty to speculate that the injury may have arisen from some remote cause. But I am not clear that the commissioner is justified by the proofs to award to the libelants $1,000, which gives to them, who are also in fault, the benefit of all doubts. I should prefer to say that, under the circumstances, the most reasonable method of making up the dam-

ages would be to allow the libelants the $325 which they paid for the boat at the bottom of the bay, and add to that sum such proportion of the moneys expended by them previous to the collision in raising her and her cargo as the value of the vessel bears to the value of the cargo. This would make the damages for the loss of the boat about $600, which is conceded to be an approximation only; but the whole case is necessarily one of approximation.

I am of the opinion that the exception as to the value of the canal-boat should be sustained, and that the sum should be reduced to $600. I find nothing in the proofs which authorizes me to disturb the report of the commissioner in regard to the value of the coal, or the extra expenses incurred by reason of the collision, and the exceptions to these items are overruled.